## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Chief Judge Marcia S. Krieger

Civil Action No. 18-cv-00975-MSK-NRN

**ROBERT MILES,**

      **Plaintiff,**

**v.**

**SHIRLEY MILES,**
**RACHAEL LATTIMER,**
**JUDGES BAKKE,**
**JUDGE MacDONALD, and**
**JUDGE TUTTLE,**

      **Defendants.**

---

### ORDER RE: MOTIONS TO DISMISS

---

**THIS MATTER** comes before the Court on Motions to Dismiss submitted by Defendants Rachael Lattimer (**#39**), Shirley Miles (**#40**), and Judges Ingrid S. Bakke and Andrew R. Macdonald (**#41**). The Court also has reviewed Plaintiff Robert Miles' Responses[1] to such motions (**#44, #48, #58**), and Defendants' Replies (**#47, #56**).

### I. Jurisdiction

Each of the Defendants moves to dismiss all asserted claims – at least in part – for lack of subject matter jurisdiction.[2] The Court properly exercises its jurisdiction to determine whether it has subject matter jurisdiction to determine the merits of Mr. Miles' claims. *Weber v. Mobil Oil*

---

[1] Mr. Miles is proceeding as a *pro se* plaintiff. In such cases, the Court construes his pleadings and other filings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

[2] Ms. Lattimer and Ms. Miles also move to dismiss claims against them pursuant to Fed. R. Civ. Pro. 12(b)(6).

*Corp.,* 506 F.3d 1311, 1313-14 (10th Cir. 2007); *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094 (10th Cir. 2005).

## II. Relevant Facts

This action arises out of Mr. Miles' dissatisfaction with the outcome of dissolution of marriage proceedings. The current operative pleading is his Amended Complaint. **(#5.)** In it, he asserts claims against Ms. Miles (his ex-wife), Ms. Lattimer (his ex-wife's attorney in the dissolution proceedings), and Judges Bakke and MacDonald, who are state district court judges that presided in such matter.[3]

The Amended Complaint identifies a number of incidents that give rise to Mr. Miles' claims: (1) an incident in the spring of 2018 in which Mr. Miles was held in contempt for failing to pay amounts due under the dissolution order and was jailed for several days **(#5, at pp. 30-31[4]**); (2) the purported failure of the state court to properly value of certain antiques and other assets for distribution of marital assets **(#5, at pp. 34-35)**; (3) Judge Bakke's finding that a motion addressing that valuation and distribution issue was frivolous and consequently awarding attorney's fees **(#5, at pp. 29, 36)**; and (4) the property division between Mr. Miles and Ms. Miles, especially including their respective pension and a severance packages **(#1, at pp. 2-3; #44, at pp. 3-4[5]**). The relief

---

[3]  Mr. Miles also named a "Judge Tuttle" in Boulder, but that named Defendant has not been served.

[4]  Mr. Miles attaches approximately 85 pages of exhibits to his Amended Complaint; the Court may look to these attached documents when resolving a motion to dismiss based on the face of the pleadings. *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001). The Court notes that it appears that in those exhibits, Mr. Miles mistakenly identifies the time period that he spent in jail as occurring in March and April *2017*, and not 2018. **(#5, at p. 31.)** However, this is inconsistent with the November 2017 order holding him in contempt, and it also is contrary to various references in Mr. Miles' briefing, which states that he was confined in 2018. **(*E.g.*, #44, at p. 5; #58, at p. 57.)**

[5]  Technically, Mr. Miles does not expressly plead any allegations in his Amended Complaint challenging the general distribution of marital assets in his underlying dissolution proceedings. However, he made such allegations in his initial Complaint, and he argues this issue in his Response; furthermore, it is somewhat unclear, but the numerous exhibits submitted with his

sought in the Amended Complaint is "correct[ion]" of "the cash distribution per the full disclosure of assets," and imposition of "charges against the defendants." **(#5, at p. 7.)** In a subsequent filing, Mr. Miles also requests that the Court "[i]ssue order, decree ordering the state court to nullify their [sic] orders of Nov 21, 2018 [sic] concerning funds and return the funds to the plaintiff." **(#58, at p. 74.)** He further asks for "punitive (monetary)" damages. **(#58, at p. 74.)**

Construing the Amended Complaint most favorably to Mr. Miles, his claims can be loosely grouped in two categories. The first grouping is based on Mr. Miles' assertion that the state family court erred when it distributed the marital assets. The second – and somewhat less explicit – grouping appears to arise from a handful of days that he spent in jail as a result of being held in contempt by the state court. Construed liberally, this might be characterized as a claim brought pursuant to 42 U.S.C. §1983 for violation of Mr. Miles' rights under the Fourth Amendment of the United States Constitution.

## III. Analysis

As to the first grouping of claims – pertaining to error and need for modification of determinations made by the state court in the dissolution of marriage action – the question of subject matter jurisdiction is dispositive.

Federal courts are courts of limited subject matter jurisdiction. *Gad v. Kan. State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015); *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1225 (10th Cir. 2004). Subject matter jurisdiction is a constitutional prerequisite to hearing a case, and "because it involves a court's power to hear a case, [it] can never be forfeited or waived." *Arbaugh*

---

Amended Complaint may support this theory. Therefore, because Mr. Miles is a *pro se* litigant, the Court will construe his Amended Complaint and the attached supporting documents broadly as asserting a claim that the general distribution of marital assets by the state family court was improper.

*v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (quotation omitted). Thus, federal courts always have an independent obligation – no matter the stage of litigation – to consider whether they have subject matter jurisdiction over the matters before them. *Gad*, 787 F.3d at 1035.

Challenges to subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) generally take one of two forms: facial attacks or factual attacks. *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). A facial attack is based upon a complaint's allegations as to subject-matter jurisdiction. Thus, in reviewing a facial attack, a court is limited to allegations in the complaint, which must be accepted as true. In contrast, a factual attack involves a challenge as to jurisdiction based on facts beyond those alleged in the complaint. With a factual attack, a court has wide discretion to allow documentary and even testimonial evidence to resolve disputed jurisdictional facts. *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1324 (10th Cir. 2002).

Ordinarily, federal courts lack subject matter jurisdiction to consider issues arising in marriage dissolution matters. "[T]he domestic relations exception... divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *accord Leathers v. Leathers*, 856 F.3d 729, 756 (10th Cir. 2017) (citing *Akenbrandt*). The Tenth Circuit has interpreted this doctrine to encompass an attempt by a litigant to reopen, reissue, correct, or modify an existing domestic relations decree, such as a divorce, marriage dissolution or child custody order. *Leathers*, 856 F.3d at 756; *see also Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005).

There is no dispute that this action concerns rulings made by state judges in Mr. Miles' marriage dissolution proceeding. Thus, to the extent that he seeks review or modification of those rulings or relief for the actions by the Defendants in that case, this Court cannot preside. Mr. Miles' remedy is in the state court system.

Mr. Miles argues that he is pursuing independent federal constitutional and state law claims against Ms. Miles, Ms. Lattimer, and/or Judges Bakke and MacDonald's.[6] **(#48, at p. 7; #58, at pp. 43, 52.)** That does not change the outcome. The labeling of claims makes no difference; it is the relief that Mr. Miles seeks that is determinative.

> Stating a claim in terms of contract or tort does not determine whether it falls outside the domestic relations exception. The proper inquiry focuses on the type of determination the federal court must make in order to resolve the claim. If the federal court is called upon to decide those issues regularly decided in state court domestic relations actions such as divorce, alimony, child custody, or the support obligations of a spouse or parent, then the domestic relations exception is applicable.

*Vaughan v. Smithson*, 883 F.2d 63, 65 (10th Cir. 1989).

Here, Mr. Miles asks this court to review and "redo" determinations made in the state court. This Court cannot do that because it lacks authority to pass on the soundness of state court decisions in domestic relations matters.

Even if the Court could exercise subject matter jurisdiction, it would be required to abstain from doing so under the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine protects final orders and judgments entered by state courts ensuring that they are addressed by state courts of appeal. It prohibits a party losing in state court from appealing to federal court. *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011); *Guttman v. Khalsa*, 446 F.3d 1027, 1031-32 (10th Cir. 2006). Numerous decisions by the Tenth Circuit have applied the *Rooker-Feldman* doctrine to

---

[6] One of Mr. Miles' submissions also contains a passing reference to the notion that the domestic relations exception does not and cannot apply where a plaintiff is alleging constitutional violations. **(#48, at p. 6.)** He does not cite any authority for that assertion. In any event, although the Court's research could not uncover any Tenth Circuit decisions expressly addressing the issue of the applicability of the domestic relations exception to constitutional claims, it found several unpublished Tenth Circuit decisions affirming district court orders dismissing constitutional claims on such grounds. *See, e.g., Landrith v. Gariglietti*, 505 Fed. App'x 701, 703 (10th Cir. 2012); *Winters v. Kan. Dep't of Soc. and Rehab. Servs.*, 441 Fed. App'x 611, 612 (10th Cir. 2011).

preclude lawsuits asserting constitutional challenges to a family court decree like a dissolution order. *See, e.g., Jackson v. Davidson*, 272 Fed. App'x 722, 723-24 (10th Cir. 2008); *Yisrael v. Russell*, 82 Fed. App'x 629, 632 (10th Cir. 2003); *see also Pandey v. Russell*, 445 Fed. App'x 56, 59 (10th Cir. 2011).

Mr. Miles challenges the legitimacy of a "*Rooker-Feldman* fallacy," arguing that the U.S. Supreme Court has "continued to narrow" and "minimize[d]" the doctrine. (**#44, at pp. 1, 13.**) Mr. Miles cites two Supreme Court cases – *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005), and *Lance v. Dennis*, 546 U.S. 459 (2006) – for that proposition. Neither decision is apt in this context.

*Exxon Mobil* holds that the *Rooker-Feldman* doctrine applies where a federal lawsuit complains of an injury caused by a *completed* state court judgment and seeks review and rejection of that judgment. 544 U.S. at 291-92. Here it appears that Mr. Miles' dissolution of marriage action is final.[7] The Colorado Supreme Court denied Mr. Miles' petition for *certiorari* before this action was filed.

*Lance* holds that the *Rooker-Feldman* doctrine will not preclude a federal litigant's claims unless that litigant was actually a party to the state court proceeding being challenged in federal court (as opposed to being in privity with that state court party). 546 U.S. at 465-66. Here, it is clear that Mr. Miles was a party to his dissolution of marriage action.

The Court now turns to another facet of Mr. Miles' claims – those stemming from having been jailed following a finding of being in contempt of court. For the reasons stated above, this

---

[7] Even if it the challenged rulings were not final, application of the *Younger* abstention doctrine would operate the same way as does *Rooker Feldman*. Federal courts cannot intervene in state court actions to address orders that have not yet become final. *Younger v. Harris*, 401 U.S. 37 (1971).

Court has no jurisdiction to review the judicial determination of his contempt nor any order authorizing his arrest. However, construing his pleadings most liberally, if he has a claim for unreasonable seizure in violation of his Fourth Amendment rights, he could bring a claim pursuant to 28 U.S.C. § 1983.

To bring such a claim, however, Mr. Miles must identify state actors – those who act under the authority of a governmental entity– who infringed his constitutional rights. *Jojola v. Chavez*, 55 F.3d 488, 492 (10th Cir. 1995). Ms. Miles and Ms. Latimer do not qualify as state actors, because a private party's invocation of state legal procedures does not constitute participation or with state officials that would satisfy the § 1983 requirement of state actors acting under color of law. *See: Johnson v. Rodrigues*, 293 F.3d 1196, 1205 (10th Cir. 2002). Judges Bakke and MacDonald are subject to absolute immunity while acting within the scope of their jurisdiction. *See: Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1189 (10th Cir. 2003).

Mr. Miles' pleadings do not plausibly allege any fact that suggests that the Judges acted outside of their jurisdictional authority, and they fail to identify any other state actor against which a viable claim could be brought. Thus, although a broad and generous reading of Mr. Miles' claims suggests that a 28 U.S.C. § 1983 might arguably be brought, Mr. Miles has failed to do so.

Accordingly, the Court finds that it lacks jurisdiction or must abstain from addressing Mr. Miles' claims arising from his dissolution of marriage action.

**CONCLUSION**

**IT IS THEREFORE ORDERED** that the Motions to Dismiss (**#39, #40, #41**) are **GRANTED**. All claims asserted in the case are **DISMISSED WITHOUT PREJUDICE,** and the Clerk of the Court shall close the case.

Dated this 5th day of December, 2018.

**BY THE COURT:**

_Marcia S. Krieger_

Marcia S. Krieger
Chief United States District Judge

.